In re the MARRIAGE of Suzanne O. FORTELKA and John C. Fortelka.

Upon the Petition of Suzanne O. Fortelka n/k/a Suzanne O. Oehlerking, Petitioner–Appellee,

And Concerning John C. Fortelka, Respondent–Appellant.

No. 87–253.

Court of Appeals of Iowa.

April 20, 1988.

Eric Borseth, of Wright, Wright & Borseth, Des Moines, for respondent-appellant.

Gregory W. Steensland, Ames, for petitioner-appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This case comes to us on appeal from the trial court's refusal to modify the visitation provisions of a joint custody decree. We deal with joint custody and the refusal and inability of two parents whose marriage has been dissolved to put aside their personal animosities toward each other and work together for their children's best interests.

The marriage of John Fortelka and Suzanne Fortelka was dissolved in 1984. John and Suzanne assumed joint legal custody of their three children born in 1971, 1975, and 1979. Physical care was awarded to Suzanne. John was given visitation on alternate weekends and holidays. At the time of the decree Suzanne and John both lived in Indianola. Today Suzanne lives in Huxley and John lives in Des Moines.

John filed a petition for modification seeking more time with the children. John also asked for a declaratory judgment to define the rights and privileges of joint custodians. The trial court determined the visitation should be changed only to specify dates for holiday visitations.

## I.

■ John contends the trial court should have expanded his visitation with his children. Parents in accepting an award of joint custody accept a responsibility to communicate with each other and to support the other parent's relationship with the child. Parents must put away their personal animosities toward each other and work together to meet the children's needs. Substantial contact with both parents is one of these needs. Children of a divorce have a need to maintain meaningful relationships with both parents. *In re Marriage of Leyda*, 355 N.W.2d 862, 866 (Iowa 1984); *In re Marriage of Jerome*, 378 N.W. 2d 302, 305 (Iowa App.1985). In fixing custody courts consider the willingness of each party to allow the children access to the other party. *In re Marriage of Burham*, 283 N.W.2d 269, 276 (Iowa 1979). Such contact should be structured by the parents giving consideration also to the children's educational and social activities outside either home. Parents have a further obligation to assure the transition between homes during the visitation period is without problems.

Since the dissolution there has been an inability by these parents to structure visitation in the children's best interests. Our de novo review of the record convinces us both parties have contributed to the problem. There is hostility when the children are transferred between homes. There is substantial inflexibility in visitation. Suzanne wants the children returned at the precise minute. John has insisted on scheduled visitation even when the children have school involvements. Suzanne refuses to have joint conferences on medical and school issues. She refuses to attend school events when John is there.

■ To justify a change in visitation John must show there has been a change of circumstances since the dissolution decree. The burden in a modification of visitation rights is different from the burden in a child custody change. Generally, a much less extensive change of circumstances need be shown in visitation rights cases. *Jerome*, 378 N.W.2d at 305. Parents who must measure visitation periods by minutes do not have the maturity and flexibility contemplated in joint custody awards. We

feel there should be more flexibility in the visitation schedule. However, because of the inability of these parents to work together we find it currently is in the children's best interest not to expand visitation. We therefore affirm the current schedule as modified by the trial court.

 Because of our concern that the parents' attitude if it continues will be detrimental to the children's best interests, we remand to the trial court to appoint a family mediator to meet with the parents and the children. Mediation shall continue until the mediator reports to the court he or she determines the parents have a reasonable chance of being able to communicate with each other on visitation issues. Joint custodians need to be strongly encouraged to communicate. *See In re Marriage of Behn,* 385 N.W.2d 540, 542 (Iowa 1986). The cost of necessary mediation shall be paid one-half by each party.

### II.

John next contends the trial court should have set forth the responsibilities of joint custodians. Joint custody gives both parents not only rights to the child but at least as important it gives responsibilities. The responsibilities include the obligation to allow the child significant contact with the other parent. Rights and responsibilities of legal custodians of a child include but are not limited to equal participation in decisions affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction. Iowa Code § 598.41(4). *In re Marriage of Zabecki,* 389 N.W.2d 396, 399 (Iowa 1986); *In re Marriage of Bolin,* 336 N.W.2d 441, 447 (Iowa 1983); *In re Marriage of Fish,* 350 N.W.2d 226, 230 (Iowa App.1984).

The responsibilities also include the obligation to put personal biases aside and to work with the children's other parent to arrive at a schedule that gives due consideration to the educational and social needs of the children. Iowa Code section 598.-41(5) provides in part:

.... If one joint custodial parent is awarded physical care, the court shall hold that parent responsible for providing for the best interests of the child.

The parent having physical care will be the one receiving information on school events, getting conference slips and report cards. These should be shared with the other parent. Except for emergency situations, the parent then having physical care has a responsibility of communicating to the other parent the need to make the decision and making the necessary information available. Both parents have an obligation to personally discuss these problems with each other. While no one can expect medical and school personnel to serve as referees, we can and do expect the parents to meet with them jointly and we expect each parent to focus on the children's problem and help the personnel arrive at a solution that is in the children's best interests. Both parents should recognize the need for flexibility of visitation scheduling. Joint custodians should be mature adults who can put aside their differences and operate in their children's best interests.

AFFIRMED AS MODIFIED.