Joan F. BRYANT, Appellee,

v.

Jon B. SCHUSTER, Appellant.

No. 88–1319.

Court of Appeals of Iowa.

Aug. 23, 1989.

The respondent challenges the amount of the support obligation as excessive. He also contends the district court erroneously applied to this paternity action under chapter 675 the child support standards applicable in a dissolution of marriage proceeding. He contends the district court erred in determining the amount he should be credited for payments made to the petitioner before trial. He contends he should have been awarded the income tax exemption for the child. Finally, he challenges the district court's award of attorney's fees to the petitioner. The petitioner requests attorney's fees on appeal.

Joan Bryant and Jon Schuster, who have never been married to each other, are the parents of a boy born in September 1986. In 1987 Joan filed a petition under Iowa Code chapter 675 asking that Jon be declared the father of the child and that he be directed to pay child support. Jon conceded paternity, and the case proceeded to a hearing on the question of support.

The district court directed Jon to pay Joan child support of $600 per month. The court also provided that this level of support is to be retroactive to the time of the child's birth. In determining that amount of support, the court noted that Jon is an attorney with a solo private practice whose gross receipts have consistently exceeded $100,000 before certain business credits and deductions are taken. The court also noted that Joan is a legal secretary whose earnings cannot be expected to exceed $15,000 to $18,000 per year.

Charles A. Coppola of Coppola, Gazzo & Clark, Des Moines, for appellant.

David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

The respondent in a paternity and child support action under Iowa Code chapter 675 appeals the district court's order directing him to pay child support of $600 per month. We affirm as modified.

Our review in cases such as these is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We are not bound by these determinations, however. *Id.*

I. *Child Support Standards.* Appellant contends that the trial court incorrectly applied Iowa Code section 598.1(2), which governs the determination of child support in a dissolution proceeding, to this paternity action. Appellant argues that Iowa Code section 675.2 should control. The ba-

sic difference between these two code sections, other than certain procedural differences, is that section 675.2 appears to limit the duration of recovery until the child reaches 18, while section 598.1(2) allows support through college.

In *Levy v. Louisiana*, 391 U.S. 68, 71, 88 S.Ct. 1509, 1511, 20 L.Ed.2d 436, 439 (1968), the United States Supreme Court held that barring a child from the recovery of a benefit to which other children are entitled, simply because it is illegitimate, violates equal protection. The Supreme Court took this one step further in *Weber v. Aetna Casualty & Surety Co.*, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972). In *Weber* the effect of the statute in question was to allow the illegitimate child to share in worker's compensation benefits, but not equally. The Court held that this constituted impermissible discrimination. *Id.* at 169, 92 S.Ct. at 1403, 31 L.Ed.2d at 775.

■ The Iowa Supreme Court apparently recognized the problem associated with treating legitimates differently from illegitimates. In *Moen v. McNamara*, 272 N.W.2d 438, 442 (Iowa 1978), the court held that there was nothing in Iowa Code section 675.1 to suggest the standard used to determine child support for illegitimates meant anything more or less than the standard used in dissolution cases. There is no rational basis to allow a legitimate child to recover support through college as well as various insurance benefits, and not allow an illegitimate child to recover the same. As the United States Supreme Court stated in *Weber:* "imposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burdens should bear some relationship to individual responsibility or wrongdoing." *Weber*, 406 U.S. at 175, 92 S.Ct. at 1407, 31 L.Ed.2d at 779. The two sections in question do not offer different possible amounts of recovery in similar situations, they merely complement each other to provide equal recovery. The trial court was correct in applying the standards set out in Iowa Code section 598.1(2) to this paternity action.

■ II. *Child Support Award.* The trial court based the award of child support in the amount of $600 per month on the finding that appellant's gross revenues had consistently exceeded $100,000 per year before certain business credits and deductions were taken. The substantial weight of the evidence does not support the conclusion that appellant earned in excess of $100,000. It seems clear that after taking into consideration the overhead of the appellant's law practice, his real income was far less than $100,000. However, appellant's estimates of $20,000 a year are a little bit shy of reality also. A more accurate estimate would be in the range of $35,000 to $50,000, which allows for a possible increase in income based on appellant's earning potential. The award of child support is reduced to $400 per month, retroactive to the birth of the child.

■ III. *Credit For Previous Child Support.* The amount of $6,100 was paid to appellee by the appellant prior to this action. Appellant contends the trial court should have held the entire amount as a credit against an award of child support. The trial court held that an initial $3,000 lump sum payment was intended as a settlement in an employment dispute between the parties and the other $3,100 in payments was intended to be child support. The evidence supports appellant's contention that the entire $6,100 was intended as child support. There was clearly a specific agreement that the first $3,000 was intended to offset any later claim for child support, and there were also certain letters showing this intention. There was no specific agreement for the remaining $3,100, but we think the trial court was correct in holding those payments constituted child support. The initial payment of $3,000 is to be credited against the award of child support.

■ IV. *Attorney Fees.* Appellant contends that the award of $3,000 in attorney fees was excessive. The award of attorney fees in this type of support action is a matter of discretion and the court has considerable power in fixing that amount. *In re Marriage of Stanley*, 411 N.W.2d 698, 702 (Iowa App.1987). The trial court

did not abuse its discretion in awarding attorney fees to the appellee.

■ V. *Income Tax Exemption.* The appellant is not entitled to claim the income tax exemption for the child. Appellant has presently failed to show that he qualifies under the "multiple support agreement" provisions of 26 U.S.C. § 152(c)(1–4).

■ VI. *Request for Attorney Fees.* Appellee requests that attorney fees be awarded on this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981). The appellee is not in desperate need but should not be required to bear the entire cost of this appeal. Appellee is awarded attorney fees in the amount of $500. Costs are to be assessed against the appellant.

AFFIRMED AS MODIFIED.