**In re the MARRIAGE OF Scott Edward HOPKINS and Karen Marie Hopkins**

**Upon the Petition of Scott Edward Hopkins, Appellant,**

**And Concerning Karen Marie Hopkins, Appellee.**

**No. 89–646.**

Court of Appeals of Iowa.

Jan. 25, 1990.

R. Laubenthal and F.E. Ebersold of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellant.

John W. Kocourek of Peterson Law Offices, Council Bluffs, for appellee.

Considered by OXBERGER, C.J., DONIELSON and HABHAB, JJ.

OXBERGER, Chief Judge.

Scott Hopkins appeals from a district court decree of dissolution. Scott contends that the district court erred in: (1) establishing that he was the father of the child born during the marriage; (2) setting excessive child support; (3) awarding unreasonable visitation; and (4) awarding Karen attorney fees. Karen seeks attorney fees for this appeal. We affirm.

Our scope of review is de novo. Iowa R.App.P. 4. In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the trial court, but is not bound by them. Iowa R.App.P. 14(f)(7).

Scott and Karen Hopkins were married on May 23, 1987, in Arizona while Scott was stationed there in the Army. After Scott was discharged, the parties moved to Iowa in August 1987. On September 27, 1987, Karen left Scott and Iowa and eventually returned to live with her parents, now located in Hawaii. Karen was preg-

nant at the time she left and on May 4, 1988, Karen gave birth to a daughter. Since the parties' separation, Karen has worked as a waitress in a Hawaiian restaurant. Scott is currently employed as a security guard.

On October 15, 1987, Scott filed a petition for decree of dissolution. Following trial, a decree of dissolution was entered. Scott has filed this appeal.

■ First, Scott contends the district court erred in establishing him as the father of the child born during the marriage. He claims Karen failed to carry the burden of proof he is the father of the child. He asserts that the presumption of legitimacy has been defeated by evidence of nonaccess of the parties and Karen's extramarital relationships with other men.

The Iowa Supreme Court has stated the well-established burden of proof on this issue as follows:

> Paternity must be shown by a preponderance of the evidence.... The law, however, presumes the legitimacy of a child born in wedlock. The presumption is rebuttable by clear, strong, and satisfactory evidence.... Although it is theoretically merely an aid to the party with the burden to prove paternity, its practical effect is to place the burden of proving nonpaternity on the putative father. (Citations omitted.)

*In re Marriage of Schneckloth,* 320 N.W.2d 535, 536 (Iowa 1982).

The record reveals the parties moved to Iowa in August 1987. On September 27, 1987, Karen left Scott and moved in with her parents in Hawaii. Scott asserts he had no access to Karen after their separation. Both Scott and Karen testified that Karen was three months pregnant when she left in September.

The only other evidence offered to prove that Scott was not the father of the child was his testimony that Karen went to the NCO Club with her friends and stayed out late. Scott never found Karen with another man. He further testified that in all likelihood the child was his. Additionally, Karen testified that between her marriage to Scott and the birth of the child, she did not have intercourse with any other man.

The district court concluded that Scott "failed to rebut the presumption that the child born during the course of this marriage is that of the parties, and it is hereby established by competent evidence that the child ... is the child of both these parties." We agree. Scott has failed to show by clear, strong evidence that the child is illegitimate. We hold Karen has shown by a preponderance of the evidence Scott is the father of the child in question here. Accordingly, we find no error on the part of the district court.

■ Next, Scott contends the district court erred in awarding excessive child support plus all dental expenses and costs associated with visitation. Scott was required to pay $325 per month child support and maintain health and accident insurance coverage for the child.

■ It is well established that parents have a legal obligation to support their children. *In re Marriage of Fleener,* 247 N.W.2d 219, 221 (Iowa 1976). The obligation to support should be apportioned according to the ability of each parent to contribute. *In re Marriage of Bornstein,* 359 N.W.2d 500, 504 (Iowa App.1984). The factors to consider are: the financial resources of the child; the financial resources of both parents; the standard of living the child would have enjoyed had there not been a dissolution; the cost of day care; the physical and emotional health needs of the child; and the child's educational needs. Iowa Code § 598.21(4).

The Iowa Supreme Court on September 29, 1989, entered an order prescribing uniform child support guidelines pursuant to federal Family Support Act of 1988, Pub.L. No. 100–485. The guidelines state that monthly income means gross income less certain deductions. Scott's financial affidavit filed February 17, 1989, indicates his gross monthly income is $1,717.00. The affidavit also shows deductions for federal and state taxes, union dues and dental insurance. There is no indication for social security deductions or any other required deductions.

Karen did not file a financial affidavit. She testified that her gross income for 1988 was $4,700. Currently Karen works part time as a waitress making $3.95 an hour. Karen testified that she makes $150 every two weeks after taxes. Additionally, she works an average of 25 hours a week and makes at least a hundred dollars ($100) a week in tips. Karen further testified that, as a waitress, each night she claims eight (8) percent of her total tips for income taxes to be reported through her employer. There is no other specific evidence in the record regarding federal and state taxes or any other required deductions.

Upon our review of the record we find the evidence insufficient to allocate for the required deductions as mandated by our uniform child support guidelines. Consequently, we remand to the district court to receive the necessary evidence from the parties consistent with the uniform child support guidelines and this opinion.

█ Scott also contends the district court erred in awarding unreasonable visitation. Scott asserts the visitation is unreasonable in three ways: (1) requiring him to pay all costs associated with visitation; (2) requiring him to travel to Hawaii to conduct visitation; and, (3) granting a limited visitation period. We disagree.

Liberal visitation rights are in the best interests of the child. *In re Marriage of Muell,* 408 N.W.2d 774, 777 (Iowa App. 1987). Children of a dissolution have a need to maintain meaningful relationships with both parents. *In re Marriage of Fortelka,* 425 N.W.2d 671, 672 (Iowa App. 1988). We consider each case individually in determining visitation rights.

Scott claims he is being punished because Karen moved to Hawaii and he must pay for all costs associated with his visitation rights. The record shows that Karen moved to Hawaii with her parents when they were transferred there. Karen and her daughter live with Karen's parents. In *In re Marriage of Frederici,* 338 N.W.2d 156 (Iowa 1983), the Iowa Supreme Court stated:

A decision by a joint custodial parent with physical care of children to move out-of-state is obviously the kind of decision the other joint custodian has a right to be consulted about. Geographical proximity is a desirable feature of joint custody because it enhances the opportunity for access between the children and the parent who does not maintain their primary residence. Nevertheless, geographical proximity is not an indispensable component of joint custody, and ... the parent having physical care of the children must, as between the parties, have the final say concerning where their home will be. This authority is implicit in the right and responsibility to provide the principal home for the children.

*Frederici,* 338 N.W.2d at 160. We find no evidence to indicate Karen's move was motivated by a desire to deny Scott access to his child.

We find no merit in Scott's claim that the district court unreasonably limited visitation. The district court ordered "reasonable and liberal visitation with the minor child, including, but not limited to" visitation during Christmas and two weeks during the summer. The district court further ordered, until the child attains age four, Scott is allowed to visit the child only where Karen is domiciled with the child. We believe this provision adequately provides Scott liberal visitation in light of the circumstances of this case. We find Scott's visitation rights granted by the district court to be reasonable. We affirm the district court's order regarding visitation.

█ Finally, Scott was required to pay $500 towards Karen's attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. We find no abuse of the trial court's discretion in its award of attorney fees. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). Karen requests attorney fees on appeal. We order Scott to pay $500 for Karen's attorney fees on appeal. We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the

request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981). We remand to the trial court for the purpose of taking additional evidence and entering an order pursuant to the uniform child support guidelines. We affirm the district court's order in all respects except the child support award and tax court costs to Scott.

AFFIRMED IN PART AND REMANDED.