Helen June **BURGER** and Cindi Rueschenberg, Appellants,

v.

Leon Fay **BURGER**, Appellee.

No. 92–1543.

Court of Appeals of Iowa.

Feb. 25, 1994.

Robert Kohorst of Kohorst Law Firm, Harlan, for appellants.

Susan Larson Christensen, Harlan, for appellee.

Considered by OXBERGER, C.J., DONIELSON, J., and CRITELLI, Senior Judge.*

DONIELSON, Judge.

The district court dissolved the marriage of Leon and Helen Burger on August 9, 1966. The decree provided Leon was to pay child support in the amount of $20 per month per child. At the time the decree was entered, the parties had five children and Helen was five months pregnant with the parties' sixth child, Cindi, who was born on December 31, 1966. The original decree did not mention Cindi. Following her birth, however, Leon increased his child support payments from $100 to $120 per month until Cindi reached age eighteen.

* Senior judge from the 5th Judicial District serving on this court by order of the Iowa Supreme Court.

On March 5, 1992, Helen and Cindi filed a petition to establish paternity and support pursuant to chapters 675 and 252A of the Iowa Code. There has never been any question Leon is Cindi's father. Following a hearing, the district court dismissed the action. The district court found it was too late to raise the questions the plaintiffs were attempting to litigate. The district court viewed the action as a scheme on the part of the mother and daughter to obtain a windfall. The district court found the parties accepted the payments of $120 per month as representing child support for all six children and the amount was reasonable.

Leon filed a rule 179(b) motion seeking attorney fees of $1010. Helen and Cindi also filed a rule 179(b) motion asking the court to instruct the clerk the additional twenty dollars per month should be considered payment toward the $100 per month ordered in the decree and not as support for Cindi. The district court denied the plaintiffs' motion and ordered the plaintiffs to pay Leon $500 to apply toward his attorney fees.

Helen and Cindi appeal. Leon cross-appeals. He asks for all of his trial attorney fees and his appellate attorney fees.

Our scope of review is for correction of errors at law. Iowa R.App.P. 4; *Moen v. McNamara*, 272 N.W.2d 438, 439 (Iowa 1978). We are bound by the district court's judgment if it is supported by substantial evidence. Iowa R.App.P. 14(f)(1); *Moen*, 272 N.W.2d at 439.

 After a careful review of the record, we conclude the findings of the district court are supported by substantial evidence. The testimony of the parties convinces us Leon intended the additional $20 monthly payment to be child support for Cindi in the same amount as that ordered by the court in the dissolution decree. The testimony also shows Helen regarded the $120 monthly as support for six children. We will not retrospectively examine the dissolution decree to determine $20 monthly per child was not a reasonable support amount.

Given the factual setting of this case, we, like the district court, question the avenue taken by Helen and Cindi. Although the court did not explain its phrase, "much too late," we conclude, based on the reasoning set forth in *Davidson v. Van Lengen*, 266 N.W.2d 436, 438–39 (Iowa 1978), either equitable estoppel or laches could apply in this case. Accordingly, we determine the district court was correct in its findings and judgment, and affirm. We decline appellants' invitation to overrule *Davidson*.

■ Appellee asserts the district court erred in not awarding his attorney fees. Iowa Code section 675.25 (1991) (now 600B.25 (1993)) gives the court discretion in awarding attorney fees. The record does not disclose the court abused its discretion in awarding appellee only half his attorney fees.

■ Appellee also requests attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the discretion of the court and the parties' financial positions. *Bryant v. Schuster*, 447 N.W.2d 566, 569 (Iowa App.1989). Considering the needs of appellee, the relative ability of appellant to pay, and that appellee was obligated to defend the district court's decision on appeal, we award appellee $1,000 of his appellate attorney fees. Costs of this appeal are taxed to appellant.

**AFFIRMED.**