In re the MARRIAGE OF Robert BUTTREY and Diane Buttrey,

Upon the Petition of

Robert Buttrey, Appellee,

and

Diane Buttrey, Appellant.

No. 94–1618.

Court of Appeals of Iowa.

July 25, 1995.

---

Ronald F. Walker, Knoxville, for appellant.

James Vernon Hicks of Johnston, Hicks, Guiter & Griffith, Knoxville, for appellee.

Heard by HAYDEN, P.J., and HABHAB and CADY, JJ.

HAYDEN, Presiding Judge.

Robert and Diane Buttrey were married on June 14, 1991. They had lived together since 1984. Robert was Diane's fourth husband. It is unclear whether Robert was married before. Diane has had three children: Matthew Shilling, Erin Buttrey (now deceased), and Erika Buttrey, born on August 11, 1983. Robert is not Erika's natural father, but he adopted her in April 1993.

Robert filed a petition for dissolution of marriage on May 13, 1994. Robert and Erika lived in the marital home prior to trial. At the time of trial both parties were forty-four years old, and Erika was eleven. Robert is a high school graduate who drives a school bus for Twin Cedars School District and does odd jobs for farmers. Diane is also a high school graduate with an LPN license and one quarter of schooling left for her RN degree. She worked for Interim Health Care in Waterloo at the time of trial but was on inactive status. The primary issue between the parties concerned custody of Erika.

At trial, Robert, through his own testimony and that of other witnesses, attempted to establish Diane had a drinking problem. They cited OWI arrests. They also testified she was unreliable as a mother and a worker. They claimed Diane abandoned the marital home to move to Waterloo and had hit Erika in the past. Diane's witnesses tried to show Robert had unduly depended on Diane for support. They claimed he had tried to interfere with Diane's visitation and telephone calls prior to trial. They also attempted to show Robert was overly permissive and had caused Erika to have a bad attitude toward her mother. Diane admitted she abused alcohol after Erin died but claimed she had been sober since 1991. She testified she moved to Waterloo to obtain full time employment with Robert's consent. Erika testified she would rather live with Robert because she sometimes woke up at night and Diane wasn't there. She admitted Diane was at work on some of these occasions.

The trial court entered its oral ruling at the conclusion of trial. The court awarded joint legal custody and gave primary physical care of Erika to Robert, with liberal visitation by Diane. The court determined Robert's net monthly income was between $700 and $800 per month, while Diane's "projected net monthly income" was $1300. The court ordered Diane to pay $305.50 per month in

child support under the child support guidelines.

The court awarded the marital home to Diane with its debt, and divided the parties' vehicles, other personal property, and debts. The court ordered the parties to pay their own attorney fees and split the costs. The court filed its decree incorporating its oral ruling on September 2, 1994.

Diane appeals, claiming the trial court erred in awarding primary physical care of Erika to Robert. Both parties seek an award of appellate attorney fees.

## I.  *Child Custody.*

Our review in this matter is de novo. Iowa R.App.P. 4. In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3), in *In re Marriage of Weidner*, 338 N.W.2d 351, 355–56 (Iowa 1983), and in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear on the "first and governing consideration"—the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban*, 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich*, 367 N.W.2d 297, 299 (Iowa App.1985).

Our review of the record demonstrates the trial court was correct in awarding primary physical custody to Robert. Robert is a good, loving parent. He has no physical or emotional problems. Robert has been the only father Erika has ever known.

Both parents were involved in the very early care of Erika. However, as Erika grew older, Robert became the primary caretaker for Erika. Erika and Robert have developed a very solid relationship. Erika is very happy with Robert. By all accounts, in Robert's care Erika is a healthy, well-mannered, and well-adjusted child.

The trial court correctly ordered Robert be the primary caretaker of Erika. His abilities, character, and past record all demonstrate it would be in Erika's best interests she be placed in his primary care. We affirm the trial court on this issue.

## II.  *Attorney Fees.*

Both parties seek an award of appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). Considering these factors, we determine each party should pay his or her own attorney fees.

The trial court is affirmed on all issues. Costs on appeal are to be divided evenly between the parties.

**AFFIRMED.**