## IN THE COURT OF APPEALS OF IOWA

No. 18-0183
Filed September 12, 2018

IN RE THE MARRIAGE OF CRAIG DARREN FLAUGH
AND DAWN FLAUGH

Upon the Petition of
CRAIG DARREN FLAUGH,
    Petitioner-Appellee,

And Concerning
DAWN FLAUGH,
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

Respondent appeals the physical care and visitation provisions of the parties' dissolution decree. **AFFIRMED.**

Grant D. Beckwith of Iowa legal Aid, Sioux City, for appellant.

Tara S. Vonnahme of Vonnahme Law, PC, Sioux City, until withdrawal, then Angela H. Kayl of Kayl Law Office, Sioux City, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother appeals the physical care and visitation provisions of the parties' dissolution decree. We find the father is the more stable parent and should have physical care of the child. The mother's proposed adjustment to the visitation schedule would not be in the child's best interests. We affirm the physical care and visitation provisions of the dissolution decree.

## I. Background Facts & Proceedings

Craig and Dawn Flaugh were married in 2016. They have one child, born in 2016. Craig filed a petition for dissolution of marriage on April 11, 2017. The parties agreed to joint physical care while the dissolution action was pending.

The dissolution trial was held December 14, 2017. Craig was then forty-four years old. He was previously incarcerated on federal drug charges and was on supervised release. He had recently moved from Sioux City to Alvord, Iowa, because it was closer to his job as a brake press operator in Rock Valley. He provides health insurance for the child. Craig lives on a small farm. He decorated a room for the child and has daycare set up for the child while he is at work.

Dawn was forty-one years old at the time of the dissolution trial. She is not employed. Dawn receives Social Security disability benefits due to her mental health problems. She takes medication for her condition but testified she sometimes took "drug holidays," when she would not take her prescribed medication. Dawn testified she might go back to school or seek a part-time job in the future.

Dawn was charged with domestic abuse assault in September 2016 after she purposefully drove her vehicle into Craig's vehicle during an argument. In

December 2016, during an argument with Craig, Dawn stabbed herself in the arm and stomach with a knife, stating "[s]he wanted [Craig] to see the pain that she was in." The child was in the home during this incident. In another incident, Dawn and her adult daughter took a marijuana cigarette to Dawn's adult son for his birthday, although he was in a facility attempting to address his substance-abuse problem. Dawn was barred from visiting her son for a period of time.

The district court granted the parties joint legal custody of the child with Craig having physical care. The court found Craig was the more stable parent and was better equipped to assume physical care. Dawn was granted visitation on alternating weekends, every Wednesday night, alternating holidays, and three weeks in the summer. She was ordered to pay child support of sixty-two dollars per month. Dawn appeals the district court's decision.

## II. Standard of Review

Our review in dissolution cases is de novo. Iowa R. App. P. 6.907; *In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007). We examine the entire record and determine anew the issues properly presented. *In re Marriage of Rhinehart*, 704 N.W.2d 677, 680 (Iowa 2005). We give weight to the factual findings of the district court but are not bound by them. *In re Marriage of Geil*, 509 N.W.2d 738, 740 (Iowa 1993).

## III. Physical Care

Dawn claims the district court should have placed the child in her physical care. She points out she was the child's primary caretaker until the temporary order was entered giving the parties joint physical care. She states she has done a good job taking care of the child. Dawn claims she had been physically abused

by Craig. She also states he had been drinking alcohol in violation of the terms of his supervised release. In the alternative, Dawn claims the child should be placed in the parties' joint physical care.

"In child custody cases, the first and governing consideration of the courts is the best interests of the child." Iowa R. App. P. 6.904(3)(o). Joint physical care may be awarded if either parent requests it and it is in the best interests of the child. Iowa Code § 598.41(5)(a) (2017). We concur in the district court's finding, "because of escalating domestic conflict and the petitioner's relocation to Alvord, Iowa, that shared physical care is not in the best interests of the child." We determine joint physical care would not be in the child's best interests.

In considering the issue of physical care, our controlling consideration is the best interests of the child. *In re Marriage of Barry*, 588 N.W.2d 711, 712 (Iowa Ct. App. 1998). We determine physical care based on which parent can minister more effectively to the child's long-term best interests. *In re Marriage of Buttrey,* 538 N.W.2d 322, 324 (Iowa Ct. App. 1995). Our objective is to place the child in the environment most likely to bring the child to a healthy physical, mental, and social maturity. *In re Marriage of Kunkel,* 555 N.W.2d 250, 253 (Iowa Ct. App. 1996).

On our de novo review of the record, we agree with the district court's decision to place the child in Craig's physical care because he is the more stable parent. Craig has a full-time job and suitable housing for the child. He made arrangements for the care of the child while he is working. Due to her mental health problems, Dawn has not demonstrated this same degree of stability. As the district court stated, Dawn's struggles with mental health issues "give concern to her ability to assume the stress of full-time parenting." Additionally, we are very

concerned with Dawn's decision to be a party to giving her son a marijuana cigarette when she was aware he was battling addiction for substance abuse.

We note there was a pending charge of domestic abuse assault against Dawn at the time of the dissolution trial. Additionally, Craig testified he was not having any problems on supervised release and remained in contact with his parole officer. Furthermore, Craig was more open to letting Dawn contact the child while the child was in his care, while Dawn did not want Craig to have contact unless it was "his time" with the child. For all these reasons, we affirm the district court's decision regarding physical care.

## IV.     Visitation

Dawn claims she should be given more visitation with the child. She asks to have visitation time beginning at 6:00 p.m. on Friday and continuing until 9:00 a.m. Thursday morning, every other week. She also claims Craig should be responsible for all transportation. We consider whether a visitation schedule serves the best interests of the child. *See In re Marriage of Gensley*, 777 N.W.2d 705, 718 (Iowa Ct. App. 2009).

We find the present visitation schedule is equitable. Dawn's proposed expanded visitation would essentially give her joint physical care of the child, which we have determined would not be in the child's best interests. We also decline to modify the transportation arrangements as set out in the dissolution decree.

We affirm the physical care and visitation provisions of the parties' dissolution decree.

**AFFIRMED.**