# IN THE COURT OF APPEALS OF IOWA

No. 18-0056
Filed September 12, 2018

**DOLGORSUREN SCHMIDT,**
    Plaintiff-Appellant,

**vs.**

**JAMES QUINN,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

Mother appeals from an order denying her petition to modify the physical care provisions of the parties' decree of dissolution of marriage. **AFFIRMED.**

Robert S. Gallagher and Peter G. Gierut of Gallagher, Millage & Gallagher, P.L.C., Bettendorf, for appellant.

James J. Quinn, Davenport, pro se appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Dolgorsuren Schmidt (a/k/a Julia) appeals from an order denying her petition to modify the decree dissolving her marriage to James (Joe) Quinn. At issue in this appeal are the physical care provisions of the decree.

This court's review is de novo. *See* Iowa R. App. P. 6.907; *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015) (noting modification actions lie in equity). Prior cases have little precedential value; this court applies the relevant law to the unique facts and circumstances of each case. *See In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995); *In re Marriage of Snowden*, No. 14-1920, 2015 WL 4233449, at *1 (Iowa Ct. App. July 9, 2015). Although review is de novo, appellate courts "afford deference to the district court for institutional and pragmatic reasons." *Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017); *see In re P.C.*, No. 16-0893, 2016 WL 4379580, at *2 (Iowa Ct. App. Aug. 17, 2016) ("There are other, less questionable reasons to exercise 'de novo review with deference,' including: notions of judicial comity and respect; recognition of the appellate court's limited function of maintaining the uniformity of legal doctrine; recognition of the district court's more intimate knowledge of and familiarity with the parties, the lawyers, and the facts of a case; and recognition there are often undercurrents in a case—not of record and available for appellate review—the district court does and should take into account when making a decision.").

The record reflects the parties married in 2006 and divorced by way of stipulated decree in 2013. The parties have two children. During the course of the parties' marriage, Joe adopted Julia's son, C.Q., now eighteen years of age and

entering his senior year of high school. The parties also have a younger son, M.Q., now eleven years of age. Pursuant to the stipulated decree, the parties were granted joint legal custody of both children, Julia was awarded physical care of C.Q., Joe was awarded physical care of M.Q., and each parent was granted visitation with the other child. Shortly after the entry of the decree, the parties modified the decree to expand summer visitation for the parents and to better accommodate Julia's observance of White Month, a Mongolian holiday. In 2016, Julia filed the instant petition to modify the decree, seeking physical care of both children and child support. The district court denied the petition, concluding Julia failed to prove a material change in circumstances not in contemplation of the decretal court. Julia timely filed this appeal.

"The general principles guiding our adjudication of petitions for modification of dissolution decrees are well-established." *In re Marriage of Hoffman*, 867 N.W.2d at 32.

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being.

*In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). "The burden on the party seeking modification is a heavy one." *In re Marriage of Morrison*, No. 16-0886, 2017 WL 936152, at *2 (Iowa Ct. App. Mar. 8, 2017). Courts are chary to disturb the physical care provisions of a decree because "once custody of children

has been fixed it should be disturbed only for the most cogent reasons." *Hoffman*, 867 N.W.2d at 32. Ultimately, when reaching a conclusion, "[t]he children's best interest is the controlling consideration." *Id.*; *accord Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974) (listing factors to consider when reaching a best-interest determination).

Julia contends the animosity between the parties warrants modification of the physical-care provisions of the decree. It is not disputed the parties have a contentious relationship. It also does not seem disputed the parties' contentious relationship negatively impacts the children. However, the contentious nature of the relationship does not support modification here. First, "[t]he parties' contentious relationship is merely a continuation of what came before." *Morrison*, 2017 WL 936152, at *3. There has been no change in circumstances since the entry of the decree. *See Albertus v. Albertus*, 160 N.W. 830, 831 (Iowa 1917) ("It would be a sufficient change of circumstances within the reasoning of those cases if this alleged animosity or other unfitness were not in existence when the original decree was entered."). Second, while the parties' relationship is contentious, we cannot say the hostility between the parents rises to the level requiring judicial intervention. Finally, much of the contentiousness between the parties is initiated by Julia. This is evidenced in her own video exhibits, which show her creating contentious situations with Joe regarding the children and then recording the exchanges for evidentiary purposes. Julia cannot leverage her instigation of conflict into a legal reason to support modification of the decree. The level of conflict in this case does not warrant a change in physical care of the child, but

both parents must mature and find a way to interact in a non-confrontational manner for the benefit of their children. *See In re Marriage of Fortelka*, 425 N.W.2d 671, 672 (Iowa Ct. App. 1988) ("Parents must put away their personal animosities toward each other and work together to meet the children's needs.").

Julia also contends modification is warranted because Joe's care of the children negatively affects their physical health. Specifically, she notes Joe smokes in the home. She also notes Joe's home has mold in the basement. Both of these facts, she contends, contribute to M.Q.'s alleged respiratory ailments. The evidence relevant to this issue does not support modification. The district court made several credibility findings regarding this issue to which we defer. The district court credited Joe's denial that he smoked in the home and that he smoked around M.Q. There was no evidence of the existence of mold in Joe's house other than Julia's assertion. Finally, there was no credible evidence M.Q.'s respiratory health was affected by smoke or mold. Because the evidence does not support Julia's concerns, these concerns do not serve as a basis for modification of the decree.

There is evidence in the record showing both parents fail to provide or fail to timely provide each other with information regarding the children, including educational and medical information. The parties' mutual failures to communicate with each other regarding the children's educational and medical information, among other things, is contrary to their duties as joint legal custodians. *See* Iowa Code § 598.1(3) (2013) (providing when parents are awarded joint legal custody, both parents have "legal custodial rights and responsibilities toward the child" and

"neither parent has legal custodial rights superior to those of the other parent"). The parents' failures do not support modification. Both parents are at fault, and changing physical care of M.Q. from Joe to Julia does not resolve the communication failure. Again, both parents will have to improve in communicating relevant information to the other regarding both children.

Even assuming Julia had established a material and substantial change in circumstances, she has not established the ability to provide superior care. To justify modification, Julia must show she can provide superior care to the child at issue. *See In re Marriage of Whalen*, 569 N.W.2d 626, 628 (Iowa Ct. App. 1997). As noted above, Julia causes much of the tension between her and Joe. She does not share or does not timely share relevant information. She is not supportive, or only minimally supportive, of Joe's relationships with the children. Joe has a strong bond with M.Q. Joe has coached M.Q.'s sports teams. Joe has been M.Q.'s scout master in cub scouts. M.Q. expressed to his therapist his desire to reside with Joe. All things considered, the children are doing well in the current care arrangement. There is nothing in the record supporting the conclusion Julia can provide superior care to the children. *See In re Marriage of Thielges*, 623 N.W.2d 232, 238 (Iowa Ct. App. 2000) (finding the father failed to prove he could provide superior care because, "[a]t most, the record shows [the father] and [the mother] are both fallible human beings who can provide the same level of care for their children").

On de novo review, we have considered each of the parties' arguments, whether or not explicitly referenced in this opinion. "[T]he district court has reasonable discretion in determining whether modification [of physical care] is

warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006) (quoting *In re Marriage of Walters*, 575 N.W.2d 739, 741 (Iowa 1998)). We find no reason to disturb the judgment of the district court.

**AFFIRMED.**